IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN G. CRADLE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN COLVIN , | : | |
| Acting Commissioner of Social Security, | : | |
|     Defendant. | : | NO. 13-4360 |

**ORDER**

**AND NOW**, this 24th day of November, 2014, having considered Plaintiff's Brief and Statement of Issues in Support of Request for Review (ECF Doc. No. 9), the Commissioner's response thereto (Doc. 16), and Plaintiff's Reply (Doc. 17), and after review of the Report and Recommendation of United States Magistrate Judge Linda Caracappa (Doc. 19), Plaintiff's objections thereto (Doc. 20), and the Commissioner's response (Doc. 21), it is hereby **ORDERED** that: (1) the Report and Recommendation is **APPROVED AND ADOPTED**; (2) Plaintiff's objections to the Report and Recommendation are **OVERRULED**; (3) judgment is entered affirming the decision of the Commissioner of Social Security; and (4) the Clerk of Court shall mark this case **CLOSED**, for the reasons that follow.

    1. If a party lodges a timely and specific objection to a Magistrate Judge's Report and Recommendation ("R&R"), this Court must conduct a *de novo* review of those issues raised in the party's objection. 28 U.S.C. § 636(b)(1). On review, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations" contained in the report. *Id*. This Court, in its exercise of sound judicial discretion, may also rely on the Magistrate Judge's R&R. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980).

2. Plaintiff objects to the R&R on the ground that he believes Judge Caracappa did not see or consider Plaintiff's Reply Brief (Doc. 17) prior to issuing her R&R.[1] Plaintiff asks this Court to withhold a decision on the R&R and request a new R&R from Judge Caracappa or, in the alternative, consider the contentions in the Reply Brief as objections. Although it appears that the R&R *did* address the substance of the central issue raised in Plaintiff's Reply, this Court has nevertheless independently considered Plaintiff's Reply in light of his objection.

3. In his Reply Brief, Plaintiff reiterates his contention that the Administrative Law Judge ("ALJ") erred in failing to recontact Plaintiff's treating physician, Dr. Anne Hunter, for clarification of her opinion. *See generally* Pl.'s Reply Br. (Doc. 17). The parties do not dispute that the regulation applicable to this issue is 20 C.F.R. § 404.1520b(c), effective March 26, 2012.[2] But the parties disagree over the force and interpretation of this regulation.

4. The Commissioner argues that recontacting a treating physician is permissive under § 404.1520b. Plaintiff counters in his Reply that the ALJ was *obligated* to recontact Dr. Hunter given the inconsistency between her two assessments less than one year apart. *See generally* Pl.'s Reply Br. (Doc. 17). Plaintiff supports his contention by referencing the Notice of Proposed Rulemaking ("NPRM") for 20 C.F.R. § 404, How We Collect and Consider Evidence of Disability, 76 Fed. Reg. 20282-01 (April 12, 2011), which outlines and explains the modifications to the recontact requirement proposed by the Social Security Administration ("SSA"); these modifications were adopted the following year. *See* Pl.'s Reply Br. 2-3. The NPRM states:

---

[1] Plaintiff primarily bases his objection on the first page of the R&R, which states, "Presently before this court are, the plaintiff's request for review, the defendant's response to request for review," but does not mention the reply. *See* R&R (Doc. 19) at 1; Pl.'s Objections to R&R (Doc. 20) at 1.

[2] The ALJ rendered his decision on May 9, 2012.

> Although we propose to eliminate the requirement that we recontact your medical source(s) first when we need to resolve an inconsistency or insufficiency in the evidence he or she provided, we expect that our adjudicators would continue to recontact your medical source(s) when we believe such recontact is the most effective and efficient way to resolve an inconsistency or insufficiency. For example, if we have a report from one of your medical sources that contains a functional assessment of your physical capacity for work, but no clinical or objective findings in support, we expect that the adjudicator would first contact that source to find out the reasons for his or her assessment. Similarly, when the medical evidence we receive from one of your medical sources contains an internal inconsistency about an issue relevant to our disability determination, we would also expect that our adjudicator would contact that source to resolve the inconsistency.

*Id.* at 20283.

5.  Importantly, the NPRM cited by Plaintiff is clear that the SSA intended the decision to recontact a treating physician to be discretionary, not mandatory: "There are situations where we need the flexibility to determine how best to resolve inconsistencies and insufficiencies in the evidence. This proposed change would give our adjudicators the discretion to determine the best way to address these issues and obtain the needed information more quickly and efficiently." *Id.*

6.  Similarly, in its final rule on the modification to the recontact requirement of 20 C.F.R. § 404, the SSA again emphasized that the change was designed to grant more flexibility and discretion to adjudicators. The responses to the summaries of significant comments made to the NPRM state that the SSA, "found that our current requirement, even with its one exception, is simply too rigid at a time when our adjudicators need more flexibility in developing evidence as quickly and efficiently as possible." *See* How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10651-01, 10653 (Feb. 23, 2012). Further, the explanation states,

> We believe our adjudicators need more flexibility to conduct case development in the most efficient way possible. . . . As we explained in the NPRM, "[d]epending on the nature of the inconsistency or insufficiency, there may be other, more

> appropriate sources from whom we could obtain the information we need." Therefore, adjudicators need more, not less, discretion than our current recontact requirement provides to obtain the needed information from the most appropriate source. . . .
>
> [W]e believe there should be a variety of methods available to our adjudicators, and that they should have the flexibility to determine which method of development would be the most appropriate given the facts in each case. We do not believe there is any one method that is always the most suitable or efficient, and therefore, do not believe we should require any of the suggestions made by the commenters in all cases.

*Id.* at 10654.

7. Courts interpreting 20 C.F.R. § 404.1520b since the modification of the recontact requirement have also emphasized that the decision to recontact a medical source is left to the discretion of the ALJ. *See, e.g., George v. Colvin*, 2014 WL 5449706, at *8 (M.D. Pa. Oct. 24, 2014) (finding that the ALJ did not run afoul of regulations when he did not recontact a medical treating source because "the decision to recontact a treating source for clarification is well within the discretion of the ALJ" and the ALJ had "offered additional justification" for his decision); *Streeter v. Colvin*, 2013 WL 5888088, at *4 (M.D. Pa. Oct. 31, 2013) (finding that the ALJ sufficiently developed the record even where a medical source was not recontacted, because "the regulations provide discretion in determining whether to . . . recontact a treating source" as the "language of the regulation is permissive, not mandatory").

8. The ALJ found the record as a whole sufficient to make a determination as to Plaintiff's residual functional capacity ("RFC"), relying on Plaintiff's treatment history, subjective complaints, his medical records, and opinion evidence from both Dr. Hunter and state agency consultant Dr. Minda Bermudez. He provided valid reasons for assigning greater weight to other evidence of record besides Dr. Hunter's RFC questionnaire, and as noted in the R&R, the ALJ supported his RFC with sufficient evidence of record. In light of the discretion afforded to ALJs

as to whether to recontact a medical source, it was not an error for the ALJ to decline to recontact Dr. Hunter on the facts of this case.  Since the ALJ's findings are supported by substantial evidence, the decision is affirmed.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

BY THE COURT:


__ **/s/ L. Felipe Restrepo**_____
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE